**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MERRILL STEINBERG, Individually and On Behalf of All Others Similarly Situated, | ) ) ) **CIVIL ACTION NO. 07-CV-9615-RPP** |
| Plaintiff, | ) ) "ECF CASE" |
| vs. | ) ) ) |
| ERICSSON LM TELEPHONE CO., CARL-HENRIC SVANBERG and KARL-HENRIK SUNDSTROM, | ) ) ) ) |
| Defendants. | ) ) |

**JACQUES FURHER'S MEMORANDUM OF LAW IN OPPOSITION TO INSTITUTIONAL INVESTOR GROUP'S MOTION TO STRIKE**

Lead Plaintiff movant Jacques Furher respectfully submits this memorandum of law in opposition to the Institutional Investor Group's[1] motion to strike Mr. Furher's reply memorandum in further support of his motion to be appointed lead plaintiff. As the delay in filing was caused by an innocent miscalculation of the due date and not undertaken for any nefarious purposes, and because the Institutional Investor Group has suffered no prejudice because of the short delay in the filing, the motion to strike should be denied.

The time for Mr. Furher's reply memorandum was calculated under Rule 6 of the Federal Rules of Civil Procedure. However, the calculation was mistaken in that it did not include the weekend days of January 26 and 27 when counting the 3 days added for service by means other than by hand (Rule 6(e)). This is not an uncommon mistake, nor is it limited to counsel, as evidenced by Magistrate Judge Pitman's statement in *Arriaga v. City of New* York, Civ. No. 06-cv-2362(PKC)(HPB), 2007 WL 582813, at *2 (S.D.N.Y. Feb. 23, 2007) that: "[b]ecause plaintiff served his motion by mail, defendants were entitled to an additional three days (***which I will assume should be limited to business days***)." *Id*. (emphasis added). The 3 day extension for service by mail under Rule 6(e) is a time period of less than 11 days; and therefore, on its face, should fall under Rule (a) which excludes weekends and holidays from the calculation.[2]

Mr. Furher's reply brief was filed two days late, and on its face is limited to arguments raised in the Institutional Investor Group's opposition memorandum. Indeed, Mr. Furher received neither an electronic notice that the Institutional Investor Group's reply brief had been filed nor was he served with a copy of the reply brief prior to the filing of his reply memoranda.

---

[1] The Institutional Investor Group is comprised of (i) The City of Edinburgh Council on behalf of The Lothian Pension Fund ("Lothian"); (ii) Fortis Investment Management N.V./S.A. ("Fortis Investments"); (iii) Deka Investment GmbH ("Deka"); and (iv) State-Boston Retirement System ("Boston").

[2] Although the text of Rule 6(e) indicates weekends should be excluded from the calculation, a comment to Rule 6(e) says they should be included.

1

(Declaration of Brian P. Murray dated February 8, 2008 ("Murray Decl."), at ¶ 2; Declaration of Lawrence D. McCabe dated February 8, 2008, at ¶ 2).  Moreover, it is very likely, considering the ECF issues that have plagued this action, that the Institutional Investor Group knew or had reason to know that Mr. Furher had not received notice of their Reply Brief or even notice of the motion to strike.  *See* Exhibit A to the Murray Decl., an e-mail from the Institutional Investor Group's counsel, Christopher Keller, dated February 4, 2008, asking "We'll [sic] you be filing an opposition to the motion to strike."

Where as here, a reply brief is filed late, but no prejudice to the opposing party has occurred, and oral argument has not yet been held, the motion to strike should be denied.  *See Minitti v. Speiser, Krause, Nolan & Granito*, *P.C.*, No. 04 Civ. 7976(DC), 2006 WL 3740847, at *11 (S.D.N.Y. Dec. 19, 2006) (Chin, J.) (denying motion to strike a reply brief filed 11 days late, finding it "unclear that any [prejudice] would result from a late filing of reply papers to which [there] is no right of rejoinder"); *In re Child World, Inc.*, 161 B.R. 571, 573 (S.D.N.Y. 1993) (denying motion to strike the court a late reply brief because no prejudice could arise "[s]ince oral arguments in this appeal were held . . . a month after" the reply was filed).

Because Mr. Furher did not have notice of, and his counsel had not seen, the Institutional Investor Group Reply Brief he did not address a single argument set forth in that Reply Brief.  Had he addressed the arguments set forth in the Institutional Investor Group Reply Brief, he would have argued, for example, that:

- That he, as a purchaser of securities on an United States Exchange did not face the serious issues of subject matter jurisdiction that confronted Deka, Fortis, and Lothian as foreign purchasers of foreign securities on foreign exchanges;

- Not a single Southern District of New Court case cited by the Institutional Investor Group regarding a Court's approval of a group to act a lead plaintiff post-dates 2004 (Institutional Investor Group Reply Mem. at 2, 4-5);

2

- The Institutional Investor Group's argument that the first class period filed should be ignored and that the longest class period should be used for the calculation of the losses (Institutional Investor Group Reply Mem. at 6), ignores a simple but compelling argument: by ignoring the first filed action and the public notice of that action, using a later class period (whether longer or shorter) allows movants to game the system to their advantage, something which the Private Securities litigation Act of 1995 was supposed to have eliminated;

- The Institutional Investor Group's complete misstating of Mr. Furher's argument regarding Deka's inadequate certification as well as the certification itself. As noted in Mr. Opposition Brief, Deka stated that it was ***not*** appointed lead plaintiff in *Kadigan v. Harley-Davidson, Inc.*, No. 05-cv-547 (E.D. Wis. Feb. 14, 2006) and did not include *In re Able Labs. Sec. Litig.*, No. 05-cv-2681 (JAG) (D.N.J. Mar 17, 2006) as one of the actions it had been appointed as a lead plaintiff. In the Institutional Investor Group Reply Brief, Deka appears to argue that the certification correctly notes that Deka International Luxembourg S.A. ("Deka Luxembourg") had been appointed, and ignores the fact that the certification states in no uncertain terms that Deka was "not appointed." In connection with the *Able* action, Deka argues that it was not required to include *Able* because the movant was Deka International (Ireland) Limited ("Deka Ireland"), an allegedly separate entity from Deka Investment GmbH, the movant here. This argument raises more questions than it answers because Deka never explains why cases run by Deka Luxembourg are included on Deka's certification (wrongly averring that it is not appointed lead plaintiff) but Deka Ireland is not so included. (Institutional Investor Group Reply Mem. at 7);

Wholly inconsistent to its claims that Mr. Furher has filed an improper sur-reply, the Institutional Investor Group's motion to strike itself raises new arguments and challenges to Mr. Furher's adequacy to act as a lead plaintiff. For example, ignoring the fact that Mr. Furher was appointed as a lead plaintiff in the *Oracle* matter in 2001, the Institutional Investor Group seeks comfort in the fact that he was part of a "group" named as lead plaintiff.[3] This argument ignores the evolution of jurisprudence, especially in this District, on the adequacy of groups as lead plaintiffs, to the extent that today they are wholly discouraged.

---

[3] The Institutional Investor Group's suggestion that Mr. Furher did not identify the *Oracle* action until his reply brief is nonsensical. In his Opposition Brief, Mr. Furher stated that he "has never been rejected as a lead plaintiff and is actively overseeing the *Oracle* securities litigation pending in the Northern District of California." Furher Opp. Mem. at. 16.

3

Mr. Furher limited his arguments to those that existed in the Institutional Investor Group Opposition Memorandum. At bottom, because the mistake in calculating the filing date of Mr. Furher's Reply resulted in a *de minimus* delay of only two days, and because the Institutional Investor Group can show absolutely no prejudice from that two day, particularly as oral argument has not yet been heard, the motion to strike should be denied.

## CONCLUSION

The motion to strike ignores the simplicity of the calculation error and fails to allege that the Institutional Investor Group was prejudiced at all in the two-day delay. The motion to strike should be denied in its entirety.

Dated: February 8, 2008
       New York, New York

**MURRAY, FRANK & SAILER LLP**

By:     /s/
        Brian P. Murray (BM 9954)
Lawrence D. McCabe (LM 1846)
Brian Brooks (BB 7442)
275 Madison Avenue, 8th Floor
New York, New York 10016
Telephone: (212) 682-1818
Facsimile: (212) 682-1892

Proposed Lead Counsel for the Class